Katheryn Bradley, AK Bar No. 8611098
Jackson Lewis LLP
One Union Square
600 University Street
Seattle, WA 98101
(206) 405-0404
bradleyk@jacksonlewis.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOE W. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., an Alaskan corporation,<br><br>　　　　Defendant. | Case No.: A05-0192CV (JKS)<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES**<br><br>**[PROPOSED]** |

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") provides the following answer to plaintiff's Complaint dated December 14, 2004 on behalf of itself alone, and for no other defendant. Except as expressly admitted below, FedEx Ground denies the allegations of plaintiff's Complaint.

**ANSWER TO ALLEGATIONS ABOUT JURISDICTION**

1.1. Answering paragraph 1.1, FedEx Ground lacks knowledge and information sufficient to form a belief as to the allegation of this paragraph and therefore denies same.

1.2. Answering paragraph 1.2, FedEx Ground lacks knowledge and information sufficient to form a belief as to the allegation of this paragraph and therefore denies same.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 1 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1.3. Answering paragraph 1.3, FedEx Ground admits that it is a Delaware corporation, licensed to do business in the State of Alaska. FedEx Ground further admits that it has maintained contacts, offices and has hired employees in Anchorage, Alaska. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph 1.3.

1.4. Answering paragraph 1.4, insofar as it alleges conclusions of law, no responsive pleading is required; however, to the extent a responsive pleading may be deemed to be required, FedEx Ground denies the allegations contained in paragraph 1.4.

## ANSWER TO ALLEGED "FACTS"

2.1. Answering paragraph 2.1, to the extent that its allegations are directed at FedEx Ground, FedEx Ground denies the allegations of the paragraph insofar as they may be directed at FedEx Ground. FedEx Ground denies the allegation that defendant John H. Thompson, d/b/a Thompson and Associates was acting on apparent authority of FedEx Ground. FedEx Ground expressly states that it was not involved in the agreement between Thompson and Williams and thus lacks knowledge and information sufficient to form a belief as to the nature of the relationship between Thompson and Williams and therefore denies same.

2.2. Answering paragraph 2.2, to the extent that its allegations are directed at FedEx Ground, FedEx Ground denies the allegations of the paragraph insofar as they may be directed at FedEx Ground. FedEx Ground denies the allegation that defendant John H. Thompson, d/b/a was acting on apparent authority of FedEx Ground. FedEx Ground expressly states that it was not involved in the agreement between Thompson and Williams, and thus lacks knowledge and information sufficient to form a belief as to the nature of the relationship between Thompson and Williams and therefore denies same. FedEx Ground admits upon information and belief that plaintiff purchased his own vehicle. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 2 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2.3. Answering paragraph 2.3, to the extent that its allegations are directed at FedEx Ground, FedEx Ground denies the allegations of this paragraph insofar as they may be directed at FedEx Ground. FedEx Ground lacks knowledge and information sufficient to form a belief as to the allegations relating to the alleged meeting with Williams, Ricks and Thompson. FedEx Ground states there was no contract between plaintiff and FedEx Ground and therefore expressly denies that Williams had a delivery contract with FedEx Ground. Insofar as paragraph 2.3 alleges conclusions of law relating to contract formation, no responsive pleading is required; however, to the extent a responsive pleading may be deemed to be required, FedEx Ground denies the allegations.

2.4. Answering paragraph 2.4, to the extent that its allegations are directed at FedEx Ground and are allegations of fact, FedEx Ground expressly denies the allegation that defendant John H. Thompson, d/b/a was acting on apparent authority of FedEx Ground. FedEx Ground lacks sufficient information to form a belief as to any alleged assurance made by Peter C. Ricks and therefore denies same. FedEx Ground expressly denies the allegation that Williams was an employee of FedEx Ground Package System, Inc. To the extent that the allegations of paragraph 2.4 state plaintiff's state of mind, they require no answer. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.5. Answering paragraph 2.5, FedEx Ground admits that during the period of approximately March 15, 2002 through October 11, 2002, plaintiff Williams made pick-ups and deliveries for John H. Thompson, d/b/a/ Thompson and Associates. FedEx Ground states that it did not have an employment relationship with plaintiff and therefore FedEx Ground lacks knowledge or information sufficient to form a belief about the extent of plaintiff's work hours or how he was paid by Thompson and Associates. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 3 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2.6. Answering paragraph 2.6, FedEx Ground denies the allegation that defendant John H. Thompson, d/b/a was acting on apparent authority of FedEx Ground. FedEx Ground admits that drivers were required to wear a FedEx Ground shirt. FedEx Ground admits that it required owners of trucks to cover FedEx Ground decals if using a vehicle for non FedEx Ground purposes; however, FedEx Ground denies that it placed significant restrictions on how the plaintiff could use the vehicle. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.7. Answering paragraph 2.7, FedEx Ground expressly denies that plaintiff was an employee of FedEx Ground. FedEx Ground admits that a business license is not required of FedEx Ground drivers. FedEx Ground lacks sufficient knowledge or information to form a belief as to whether the plaintiff engaged in a courier trade or had an independent business license and therefore denies same. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.8. Answering paragraph 2.8, FedEx Ground expressly denies that Peter C. Ricks assumed exclusive control over plaintiff's vehicle. FedEx Ground admits that FedEx Ground personnel moved the vehicle from time to time for the purposes of loading packages onto the vehicle. FedEx Ground denies that FedEx Ground personnel were allowed to use plaintiff's vehicle without his permission. FedEx Ground lacks sufficient information or knowledge to form a belief as to whether Peter Ricks refused to permit plaintiff to use his vehicle for the purpose of moving from one house to another and therefore denies same. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.9. Answering paragraph 2.9, FedEx Ground admits that the vehicles must be on-site for loading packages. FedEx Ground further admits that it requires a key to be left with FedEx Ground personnel in order to move the trucks to load them or move them within the warehouse for business purposes. FedEx Ground admits that Williams was asked to remove a magnetic flag from the vehicle. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.10. Answering paragraph 2.10, FedEx Ground expressly denies that Peter C. Ricks met with Williams to terminate his employment. FedEx Ground states that it did not have an

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 4 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

employment relationship with plaintiff. Upon information and belief, FedEx Ground states that Williams' contractual relationship as a driver for Thompson and Associates was terminated. FedEx Ground lacks sufficient information or knowledge to form a belief about whether Ricks assured Williams that he could be transferred and therefore denies same. FedEx Ground admits that Thompson reassumed the route that Williams had been driving. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.11. Answering paragraph 2.11, FedEx Ground lacks knowledge and information sufficient to form a belief as to the factual allegations of this paragraph and therefore denies same.

2.12. Answering paragraph 2.12, FedEx Ground admits that on or about October 11, 2002, plaintiff no longer drove for FedEx Ground. FedEx Ground admits that plaintiff's vehicle had been moved out of the terminal and that it was not loaded with packages. FedEx Ground expressly denies that the plaintiff was employed by FedEx Ground. FedEx Ground lacks knowledge and information sufficient to form a belief as to the remaining factual allegations of this paragraph and therefore denies same. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.13. Answering paragraph 2.13, to the extent that its allegations are directed at FedEx Ground, FedEx Ground denies the allegations of this paragraph insofar as they may be directed at FedEx Ground. FedEx Ground lacks knowledge and information sufficient to form a belief as to the factual allegations of this paragraph and therefore denies same.

2.14. Answering paragraph 2.14, FedEx Ground lacks knowledge and information sufficient to form a belief as to the factual allegations regarding plaintiff's payments on the vehicle. FedEx Ground states that it did not have an employment relationship with the plaintiff. FedEx Ground lacks sufficient information or knowledge as to form a belief as to whether plaintiff was "provided with any justification for his termination." FedEx Ground admits it did not make any payments on the plaintiff's vehicle. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

2.15. Answering paragraph 2.15, to the extent that its allegations are directed at FedEx Ground, FedEx Ground denies the allegations of this paragraph insofar as they may be directed at

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 5 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

FedEx Ground. FedEx Ground states that at no time did it assume any obligations as an employer of Williams and therefore it had no obligations under Alaska's Wage and Hour Act to pay compensation or overtime compensation to Williams. FedEx Ground lacks knowledge or information sufficient to form a belief as to whether the plaintiff was paid overtime if he ever worked more than 40 hours a week.

2.16. Answering paragraph 2.16, FedEx Ground denies that Williams was an employee of FedEx Ground. FedEx Ground lacks sufficient information or knowledge to form a belief as to whether Thompson and Associates provided to Williams such benefits as retirement benefits, vacation pay, and equal wages. Except as expressly admitted, FedEx Ground denies the allegations of this paragraph.

A. ANSWER TO ALLEGATIONS REGARDING "VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING"

3.1. Answering paragraph 3.1, FedEx Ground denies the allegations.

3.2. Answering paragraph 3.2, FedEx Ground denies the allegations.

3.3. Answering paragraph 3.3, FedEx Ground denies the allegations.

3.4. Answering paragraph 3.4, FedEx Ground denies the allegations.

B. ANSWER TO ALLEGATIONS REGARDING "VIOLATION OF ALASKA'S WAGE AND HOUR ACT"

3.5. Answering paragraph 3.5, FedEx Ground incorporates by reference all admissions, denials and denials based on lack of information and belief as if set forth fully herein. FedEx Ground denies the allegations of paragraph 3.5.

3.6. Answering paragraph 3.6, FedEx Ground denies the allegations.

3.7. Answering paragraph 3.7, FedEx Ground denies the allegations.

3.8. Answering paragraph 3.8, FedEx Ground denies the allegations.

C. ANSWER TO ALLEGATIONS REGARDING "QUANTUM MERUIT/QUASI-CONTRACT"

3.9. Answering paragraph 3.9, FedEx Ground incorporates by reference all admissions, denials and denials based on lack of information and belief as if set forth fully herein. FedEx Ground denies the allegations of paragraph 3.9.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 6 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

3.10. Answering paragraph 3.10, FedEx Ground denies the allegations.

3.1. Answering paragraph 3.11, FedEx Ground denies the allegations.

3.12. Answering paragraph 3.12, FedEx Ground denies the allegations.

### D. ANSWER TO ALLEGATIONS REGARDING "VIOLATIONS OF A.S. 45.50.471"

3.13. Answering paragraph 3.13, FedEx Ground incorporates by reference all admissions, denials and denials based on lack of information and belief as if set forth fully herein. FedEx Ground denies the allegations of paragraph 3.13.

3.14. Answering paragraph 3.14, FedEx Ground denies the allegations.

3.15. Answering paragraph 3.15, FedEx Ground denies the allegations.

3.16. Answering paragraph 3.16, FedEx Ground denies the allegations.

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Answering paragraphs 1–5, these paragraphs are statements of plaintiff's legal position, which requires no answer. Notwithstanding the foregoing, FedEx Ground denies that the plaintiff has any claims or causes of action against FedEx Ground under the statutes and legal theories that plaintiffs attempt to invoke. Furthermore, FedEx Ground denies that the plaintiff is entitled to any form of relief against FedEx Ground.

### AFFIRMATIVE DEFENSES

Having fully answered plaintiff's Complaint, FedEx Ground pleads the following defenses or affirmative defenses, without waiving any arguments that it may be entitled to assert concerning the burden of proof, legal presumptions or other legal characterizations:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. In relation to FedEx Ground, the plaintiff was not covered by the Alaska State statutes, regulations and legal theories on which they seek to base their claims; thus, the plaintiff lacks the capacity or standing to bring claims against FedEx Ground based on those statutes, regulations and legal theories.

3. Pending further discovery, some or all of plaintiff's claims may be barred by doctrines of waiver, estoppel, ratification, laches or other defenses set forth in Civil Rule 8(c).

4. Some or all of plaintiff's claims are barred by the statute of limitations.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 7 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

5. Some or all of plaintiff's claims for overtime are barred by the *de minimis* doctrine.

6. Some or all of plaintiff's claims for overtime are barred by the doctrine of payment.

7. If FedEx Ground were liable to the plaintiff for overtime, which it expressly denies, then FedEx Ground would be entitled to a setoff or credit for the straight-time portion of all alleged overtime hours worked on days for which plaintiff was compensated at a flat daily rate.

8. Pending further discovery, any damages claimed by plaintiff were proximately caused or contributed to by the fault or negligence of the plaintiff or possibly other actors.

9. Pending further discovery, if plaintiff suffered any harm or damage, he has failed to mitigate that harm or damage and to protect himself from avoidable consequences.

10. The conduct of FedEx Ground with regard to the allegations in plaintiff's Complaint was reasonable, in good faith, and not willful.

11. The conduct of FedEx Ground with regard to the allegations in plaintiff's Complaint was in good faith and without reason for believing that its conduct was in violation of any law.

12. Plaintiff knowingly submitted to some or all of the conduct alleged in the Complaint.

13. Without modifying FedEx Ground's answers to the allegations of the Complaint, any alleged conduct by FedEx Ground in relation to those allegations was justified, supported by legitimate business reasons, and/or FedEx Ground had a right or privilege to engage in such conduct.

14. Plaintiff lacks standing to bring a claim under AS 45.50.471.

15. Pending further discovery, some or all of plaintiff's claims may be barred by the statute of frauds.

16. FedEx Ground reserves the right to assert by supplemental pleading any affirmative defense or counterclaim which matures or is acquired by it subsequent to this Answer.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 8 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## REQUEST FOR RELIEF

WHEREFORE, FedEx Ground prays that plaintiff's Complaint be dismissed with prejudice in its entirety; that plaintiff take nothing by his Complaint; that FedEx Ground be allowed its costs and reasonable attorneys' fees herein pursuant to applicable law, including but not limited to Civil Rule 82 and AS 23.10.110 (f); that FedEx Ground be granted leave to amend its pleadings to conform to the proof; and that the Court award FedEx Ground such other and further relief as the Court may find just and equitable.

DATED this 2nd day of March, 2005.

JACKSON LEWIS LLP

By _____
Katheryn Bradley, Alaska Bar No. 8611098
Attorneys for Defendant FedEx Ground Package System, Inc.

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
AMENDED ANSWER & AFFIRMATIVE DEFENSES - 9 of 10
Case No.: A05-0192CV (JKS)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2006, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF. In addition, I served a copy of this document by U.S. Mail to the following:

> Isaac D. Zorea
> P.O. Box 210434
> Anchorage, AK 99521
>
> Moshe C. Zorea
> P.O. Box 212043
> Anchorage, AK 99521

Signed at Seattle, Washington this 2nd day of March, 2006.

By _/s/ Heather M. Feenan_
Heather M. Feenan

CERTIFICATE OF SERVICE - 1

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404