Katheryn Bradley, AK Bar No. 8611098
Jackson Lewis LLP
One Union Square
600 University Street
Seattle, WA  98101
(206) 405-0404
bradleyk@jacksonlewis.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOE W. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., an Alaskan corporation,<br><br>　　　　Defendant. | Case No.: A05-0192CV (TMB)<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER** |

**STIPULATION**

Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Joe W. Williams and Defendant FedEx Ground Package Systems, Inc., by and through their respective counsel, hereby stipulate and agree that discovery materials produced or information otherwise disclosed by the parties during the course of discovery in this action may contain financial information, competitive information, personnel information or other kinds of commercially-sensitive information that the producing party deems confidential. In order to reasonably preserve the confidentiality of such information, the parties stipulate and agree as follows:

STIPULATED MOTION FOR PROTECTIVE ORDER - 1 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1. The Stipulation and Protective Order shall apply to all materials and information designated as confidential under paragraph 2 and produced by the parties during the course of discovery, and all copies, excerpts, or summaries of the documents produced, including, without limitation, documents and information produced pursuant to Rules 26, 33 or 34 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories or requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "discovery materials"). This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature.

2. Any party who produces or discloses any information in discovery may designate materials or portions thereof not previously disclosed to the public by the producing party and not subject to another protective or confidentiality order as "CONFIDENTIAL." Discovery Materials that may be designated as "CONFIDENTIAL" are limited to documents the designating party believes in good faith to constitute: (1) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (2) trade secret information as defined under state or federal law; (3) tax, medical, or other personnel information relating to and social security numbers of current or former employees or independent contractors of Defendant; (4) proprietary or sensitive sales, marketing, licensing, operational or other proprietary information not otherwise publicly available; (5) information pertaining to Defendant's customers that is not publicly available; (6) information relating to

STIPULATED MOTION FOR PROTECTIVE ORDER - 2 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

non-public administrative or regulatory proceedings; and (7) information subject to a legally protected right of privacy.

3. Documents designated "CONFIDENTIAL" included as part of any court filing shall be filed manually in the Clerk's Office (as governed by the Court's CM/ECF Civil and Criminal User Manual and all other applicable rules), and not by electronic means, in sealed envelopes or other containers as set forth in Paragraph 11. Any non-party from whom discovery material is sought in this case may also designate the discovery material produced as "CONFIDENTIAL" as provided in this Stipulation and Protective Order.

4. Designating Protected Documents:

    a. Marking Protected Documents: Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

    b. Designating Deposition Testimony: Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

    c. Subsequent Designation: A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently

STIPULATED MOTION FOR PROTECTIVE ORDER - 3 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

designated by any party as confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked as "CONFIDENTIAL." No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

5. Maintaining Designated Protected Documents: Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

6. Confidential Discovery Materials shall not be disclosed by any means to any person or entity for any other purpose whatsoever except the prosecution or defense of this case.

7. Confidential Discovery Materials may only be disclosed to the following persons:

   a. Attorneys of record or in-house counsel for the parties in this action and the staff of their respective law firms or in-house legal departments working on this case;

   (1) Attorneys or of record, pursuant to their ethical obligations, shall effectively screen any attorneys or staff members in their respective firms who have ethical conflicts with any of the cases subject to this proceeding, including any who represent entities that compete with the named Defendant in these proceedings;

   (2) In-house counsel shall take appropriate steps to segregate Confidential Discovery Materials from other company and

STIPULATED MOTION FOR PROTECTIVE ORDER - 4 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

department records to limit access to such materials only to members of their in-house legal staff;

b. Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert);

c. Named parties, or officers, directors, partners, and current or former employees of a party who are reasonably necessary to assist counsel in this case;

d. Any person testifying or attending a deposition or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case;

e. The Court and Court personnel in accordance with the procedures set forth in Paragraph 13 below;

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

g. Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

STIPULATED MOTION FOR PROTECTIVE ORDER - 5 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

      h.     Any party who authored or received the particular information sought to be disclosed to that person.

    8.     Before disclosing Confidential Discovery Materials to persons within the categories in Paragraphs 5(b), and (d), and (h) above, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulation and Protective Order and obtain written assurance in the form attached as <u>Exhibit A</u> that such person will be bound by its provisions. By signing this Order, Counsel shall bind the parties whom they represent as well as other counsel of record representing the same parties.

    9.     This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure.

    10.    In the event that a party inadvertently fails to so designate any Confidential Discovery Materials, the producing party may, upon discovery of such inadvertent production, request return of the document. The document must then be returned to the producing party, subject to the right of any other party to contest the assertion of any attorney-client or work product designation by appropriate motion to the Court.

    11.    All Confidential Discovery Materials submitted to or filed with the Court in this action shall be submitted or filed according to the following procedure.

      a.     Filing under Seal: The parties stipulate that documents that are (1) marked as CONFIDENTIAL pursuant to this Protective Order and (2) filed under seal contain confidential and private information that should not be disclosed to the public. The parties further stipulate that these privacy interests are compelling enough to overcome the presumption in favor of

STIPULATED MOTION FOR PROTECTIVE ORDER - 6 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

public access. The parties stipulate that the filing party will comply with the local rules, including LR 5.2.1(e). The party filing such CONFIDENTIAL materials and/or transcripts of deposition testimony under seal shall, pursuant to the local rules, make the appropriate designations to the Clerk of the Court. The parties recognize that pleadings may also need to be sealed if they reference or discuss CONFIDENTIAL materials or transcripts of deposition testimony. The parties shall take all appropriate steps to protect the confidentiality of such information referenced in the pleadings.

b. Failure to File under Seal: If the filing party fails to file protected documents or information under seal, the producing party or any party claiming confidentiality can write to the filing party requesting that counsel take immediate steps to place the protected document or information under seal. If the filing party fails to take corrective action within three days of notification, the producing party may move the Court to request that the court place the protected documents or information under seal. If the filing party was given proper notice, failed to take corrective action, and the producing party successfully intervenes to place the protected documents or information under seal, that producing party will be entitled to the costs of the motion.

c. Consent to File – Documents Not Filed Under Seal: Any party may file documents marked CONFIDENTIAL with the court without filing those documents under seal provided that the party, prior to filing such

STIPULATED MOTION FOR PROTECTIVE ORDER - 7 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

documents, obtains the written consent of the party that previously designated the documents as confidential. In addition, any party may file documents that they themselves have previously marked as confidential without breaching this agreement or being found in violation of this agreement in any respect.

12. In the event a party objects to the other party's designation of any material as "CONFIDENTIAL" under this Stipulation and Protective Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material within 15 days of the objection, the producing party will have 30 days to move the court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the Court either at one time or in as efficient a manner as possible. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated "CONFIDENTIAL" shall be treated as confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such materials should not be treated as confidential.

13. This Stipulation and Protective Order shall not prevent any Confidential Discovery Materials from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties agree that they will attempt to reach agreement regarding the procedures to be recommended to the Court.

STIPULATED MOTION FOR PROTECTIVE ORDER - 8 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

14. Independent experts and consultants authorized to view information or documents designated as "CONFIDENTIAL" under the terms of this Stipulation and Protective Order may retain custody of such copies as are necessary for their participation in this litigation. Other appropriate recipients receiving such materials from counsel shall not retain copies of such materials but shall, instead, return such materials to counsel who disclosed the Confidential Discovery Materials to the recipient within a reasonable period of time after counsel has determined in good faith that the recipient's assistance in this litigation is no longer needed. Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials shall be returned to the producing party or destroyed in a mutually agreeable matter, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Stipulation and Protective Order which restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this action. The parties and any other person obtaining access to Confidential Discovery Materials pursuant to this Stipulation and Protective Order agree that the Court shall retain jurisdiction following judgment or dismissal to enforce the terms hereof. Notwithstanding the above, counsel of record for each party will be permitted to keep one copy of all Confidential Discovery Materials to maintain in their respective files.

15. Any party or interested member of the public may challenge the sealing of a document from the public record. The burden of persuasion shall be governed by Rule 26 of the Federal Rules of Civil Procedure.

16. Nothing in this Stipulation and Protective Order shall restrict the use or disclosure by any party of its own Confidential Discovery Materials.

STIPULATED MOTION FOR PROTECTIVE ORDER - 9 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

17. If some of the same information or materials that have been designated as "CONFIDENTIAL" under the terms of this Stipulation and Protective Order appear or are found in a publicly available forum without violation of Paragraph Seven (7) of this Stipulation and Protective Order on the part of the receiving party herein, then such information or materials shall no longer be subject to the restrictions of this Stipulation and Protective Order.

18. If a person or entity in possession of Confidential Discovery Materials is served with a subpoena or demand for production of such materials from a court, administrative, legislative, or other governmental body, demand or request such materials, the recipient shall give written notice as soon as possible and in no case later than 2 days of receipt of the subpoena or demand to the attorneys for the producing or disclosing party. In the event that a subpoena or demand purports to require production of such Confidential Discovery Materials in less than 10 days from the recipients receipt of the notice, the person or entity to whom the subpoena or demand is directed shall give immediate telephonic notice of the receipt of such subpoena or demand and transmit a copy thereof by telecopier, e-mail, or for next day delivery, to the attorneys for the producing or disclosing party. The person or entity in possession of such Confidential Discovery Materials shall remain neutral regarding any attempt of the producing or disclosing party to have the subpoena or demand quashed or modified by the compelling authority and shall, to the extent consistent with law, retain possession and, where possible, not produce the subject Confidential Discovery Materials until any such attempt is resolved or until ordered to do so by a court. Good faith compliance with a lawful subpoena shall not be deemed a violation of this Stipulation and Protective Order.

19. Rights of Parties: This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential

STIPULATED MOTION FOR PROTECTIVE ORDER - 10 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1  information or for an order permitting disclosure of any confidential information beyond the
2  terms of this Protective Order.
3     20.   Commencement: The parties agree, by signature of counsel below, to abide by
4  the terms of this Stipulated Protective Order once it has been signed by counsel regardless of
5  when this Order is signed by the Court.
6  Dated: 5-31-2006

JACKSON LEWIS LLP

By: _____
Katheryn Bradley, Alaska Bar No. 8611098
Attorneys for Defendant FedEx Ground
Package Systems, Inc.

LAW OFFICES OF ISAAC DEREK ZOREA

By: _____
Isaac D. Zorea, Alaska Bar No. 0011090
Attorney for Plaintiff Joe Williams

LAW OFFICES OF MOSHE C. ZOREA

By: _____ for
Moshe C. Zorea, Alaska Bar No. 8406055
Attorney for Plaintiff Joe Williams

STIPULATED MOTION FOR PROTECTIVE ORDER - 11 of 12
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## Exhibit A

This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order governing confidentiality of discovery materials dated _____, _____, in the action entitled *Joe W. Williams v. FedEx Ground Package Systems, Inc.* Case No.: A05-0192CV (TMB).

As a condition precedent to my examinations of any Confidential Discovery Materials in connection with this case, or my obtaining any information derived from said Confidential Discovery Materials, I hereby agree that this confidentiality order shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Protective Order. I agree to submit to the jurisdiction of the United States District Court, for the District of Alaska at Anchorage for the purposes of enforcement of the Protective Order.

Dated: _____

_____
Name (Signature)

_____
Name (Printed)

_____
_____
Address

STIPULATED MOTION FOR PROTECTIVE ORDER - 12 of 12
Case No. A05-0192CV (TMB)

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2006, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Isaac D. Zorea
P.O. Box 210434
Anchorage, AK 99521

Moshe C. Zorea
P.O. Box 212043
Anchorage, AK 99521

Signed at Seattle, Washington this 31st day of May, 2006.

*Heather M. Feenan*
Heather M. Feenan

STIPULATED MOTION FOR PROTECTIVE ORDER - 13 of 13
Case No. A05-0192CV (TMB)

Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404