Katheryn Bradley, AK Bar No. 8611098
Jackson Lewis LLP
One Union Square
600 University Street
Seattle, WA 98101
Phone: (206) 405-0404
Facsimile: (206) 405-4450
bradleyk@jacksonlewis.com
Attorney for Defendant

Jeffrey M. Feldman, AK Bar No. 7605029
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, Alaska 99501
Phone: (907) 272-3538
Facsimile: (907) 274-0819
feldman@frozenlaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOE W. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., an Alaskan corporation,<br><br>    Defendant. | Case No.: A05-0192CV (TMB)<br><br>**DEFENDANT FEDEX GROUND'S MOTIONS IN LIMINE** |

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") moves this Court, before trial, for an order instructing Plaintiff and his attorneys not to interrogate or attempt to introduce in any manner, any facts, opinions, testimony or documents described below without first obtaining the permission of the Court. FedEx Ground also seeks rulings *in limine* that impose certain limitations or other requirements to promote the fair presentation of this case.

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 1 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Thus, FedEx Ground respectfully requests the Court to order the following exclusions of evidence, limitations, or restrictions:

1. Financial status of FedEx Ground or the relative financial status of the other parties.

2. Any testimony regarding emotional distress damages.

3. Expenses of litigation and/or attorney fees.

4. Any comment emphasizing that FedEx Ground is a corporation or is located out of state.

5. Any reference to any other litigation in which FedEx Ground is or has been involved.

6. Any reference to any document or thing FedEx Ground requested Plaintiff to produce, but which was not produced.

7. Requesting documents at trial from the other party, its witnesses, or its counsel; from stating or referring at trial to the failure of either party to produce or to tender any documents to Plaintiff; and/or from stating or referring at trial to any discovery disputes arising between the parties prior to trial.

8. Any statement or reference which would require a non-expert witness to draw a legal conclusion, including but not limited to, inquiries as to whether a certain act or omission is unlawful or illegal.

9. Any reference to the purported testimony of a witness, or calling as a witness at trial, any person who was not identified in Plaintiff's initial disclosures, responses and supplemental responses to Defendant FedEx Ground's interrogatories as a person of knowledge of relevant facts, or Plaintiff's witness list.

10. Any reference to the purported testimony of an expert witness, or calling as an expert witness at trial or attempting to offer or solicit expert testimony from any person who was not identified as an expert witness in Plaintiff's witness list or expert disclosures.

11. Showing the Court any videotape, movie, film, photograph, sound recording, demonstrative exhibit, spreadsheet, chart, diagram, drawing or scale model unless first produced for inspection by FedEx Ground's counsel outside the sight, presence and hearing of the Court and directing that, prior to inspection, such items not be placed in or around the courtroom in areas where the Court could reasonably be expected to view such items.

12. Excluding any evidence of action or inaction relating to Plaintiff's wage and hour claim that occurred before October 1, 2002.

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 2 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

13. Limiting Plaintiff's theories of recovery to those remaining in discovery and the pleadings.

14. Any reference to any element of damages not identified in Plaintiff's initial disclosure, answers, or supplemental answers to Defendant FedEx Ground's interrogatories or requests for production.

15. Excluding all of Plaintiff's non-party witnesses, including but not limited to family, from the courtroom during the course of the trial so that they cannot hear the testimony of other witnesses.

16. Requiring the parties to give 24 hours notice of witnesses, depositions and exhibits to be called or used at trial.

17. Requiring the Plaintiff to refrain from referring to FedEx Ground as "FedEx" or by any other name besides its full corporate name, FedEx Ground Package System, Inc. (for introductory purposes only), or by the proper short form of its corporate name, FedEx Ground.

## I.   STATEMENT OF RELEVANT FACTS

Plaintiff has conducted limited discovery. Bradley Dec. at ¶ 4. At this time, however, we understand Plaintiff to be alleging that he is entitled to damages for FedEx Ground's alleged violation of the implied covenant of good faith and fair dealing; violation of Alaska's Wage and Hour Act, AS 23.10.060 et seq.; "quantum meruit/quasi-contract"; and violation of AS 45.50.471, Alaska's Unfair Trade Practices Act. Plaintiff asks for compensatory and punitive damages under these theories. Plaintiff also seeks liquidated damages under Alaska's Wage and Hour Act and treble damages under Alaska's Unfair Trade Practices Act. FedEx Ground denies Plaintiff's allegations and contends that Plaintiff is not entitled to any damages. Furthermore, FedEx Ground filed a summary judgment motion on all claims on August 30, 2006.

## II.   AUTHORITY AND ARGUMENT

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid.

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 3 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

("FRE") 401. Evidence that is irrelevant is inadmissible. FRE 402. FedEx Ground makes several motions in limine herein to exclude evidence that is irrelevant and therefore inadmissible.

Evidence is inadmissible "if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. "'Unfair prejudice' refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one' or 'evidence designed to elicit a response from the [trier of fact] that is not justified by the evidence.'" *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) (internal citations omitted). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). If evidence addressed in these motions is at all relevant, then FedEx Ground submits that its slight probative value is substantially outweighed by the danger of unfairly prejudicing the Court, the trier of fact in this case, which renders the evidence inadmissible under FRE 403.

Plaintiff has the burden of proving his claims against FedEx Ground. Allowing Plaintiff to introduce evidence that is not admissible under the Federal Rules of Evidence would result in an improper determination of the issues in this case. Accordingly, the following types of evidence should be excluded so FedEx Ground is not prejudiced:

1. **Financial status of FedEx Ground or the relative financial status of the other parties.**

Evidence of the financial status of FedEx Ground or resources available to FedEx Ground, or the relative financial status of the Plaintiff, or any current or former co-defendants, is inadmissible. Plaintiff cannot recover punitive damages under any of his theories. *See Gore v. Schlumberger Ltd.*, 703 P.2d 1165, 1166 (Alaska 1985) (holding that punitive damages not allowed under Alaska's Wage and Hour Act); *ARCO Alaska, Inc. v. Akers*, 753 P.2d 1150, 1154

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 4 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

(Alaska 1988) ("[W]e hold that punitive damages are not recoverable for breach of the implied covenant of good faith and fair dealing."); and *Reeves v. Alyeska Pipeline Serv.*, 56 P.3d 660, 671 (Alaska 2002) (affirming the lower court's order to strike punitive damages when the plaintiff recovered only under the contract and quantum meruit theories). Thus, such evidence is irrelevant to the issues. FRE 402. Evidence about any party's financial status does not make the existence of any fact that is of consequence to the determination of this lawsuit more probable or less probable than it otherwise would be. FRE 401. The only purpose of such evidence would be to unfairly prejudice FedEx Ground or to confuse the trier of fact as to the true issues in this case. FRE 403.

    **2.    Any testimony regarding emotional distress damages.**

Plaintiff is not seeking damages for emotional distress. Therefore, all testimony and evidence regarding emotional distress should be excluded as irrelevant. FRE 402.

    **3.    Expenses of litigation and/or attorney fees.**

Evidence about any party's or former party's retention of legal counsel, expenses of litigation, or attorney fees is inadmissible because it is irrelevant to the issues in this case until the court determines the prevailing party for the purposes of an attorney's fees award. FRE 402. Here again, such evidence does not make the existence of any fact that is of consequence to the determination of this lawsuit either more probable or less probable than it would be without this evidence. FRE 401. The only purpose would be to unfairly prejudice FedEx Ground. FRE 403.

    **4.    Any comment emphasizing that FedEx Ground is a corporation or is located out of state.**

FedEx Ground conducts business in the State of Alaska, but its headquarters are in Pennsylvania. Any reference to FedEx Ground being a corporation or being from out-of-state should be excluded. This evidence is not relevant to any decision that the trier of fact must

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 5 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

make, and it may have some unfairly prejudicial effect. Since the prejudice outweighs any probative value, it should be excluded under FRE 402 and 403.

5. **Any reference to any other litigation in which FedEx Ground is or has been involved.**

This evidence is not relevant and the prejudice outweighs the probative value. Therefore, it should be excluded under FRE 402 and 403.

6. **Any reference to any document or thing FedEx Ground requested Plaintiff to produce, but which was not produced.**

Plaintiff has produced very few documents in this case. Bradley Dec. at ¶ 3. For instance, Plaintiff has not produced any records of his hours worked or any contemporaneous records relating to damages. He should be precluded from introducing or using any documents requested in discovery, but not produced. Such actions are highly prejudicial and inadmissible under FRE 403.

7. **Requesting documents at trial from the other party, its witnesses, or its counsel; from stating or referring at trial to the failure of either party to produce or to tender any documents to Plaintiff; and/or from stating or referring at trial to any discovery disputes arising between the parties prior to trial.**

FedEx Ground asserted a number of objections in response to Plaintiff's discovery requests. Bradley Dec. at ¶ 4. Plaintiff chose not to challenge these objections either informally or formally under Fed. R. Civ. P. 37. He should be precluded from asking for such information or referring to the fact that FedEx Ground objected to producing or supplying the information. Such actions are irrelevant to the issues in the case and are unduly prejudicial. FRE 402, 403.

8. **Any statement or reference which would require a non-expert witness to draw a legal conclusion, including but not limited to, inquiries as to whether a certain act or omission is unlawful or illegal.**

No witness is qualified to draw legal conclusions and such statements or references would be unduly prejudicial. FRE 403, 701.

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 6 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

9. **Any reference to the purported testimony of a witness, or calling as a witness at trial, any person who was not identified in Plaintiff's initial disclosures, responses and supplemental responses to Defendant FedEx Ground's interrogatories as a person of knowledge of relevant facts, or Plaintiff's witness list.**

Plaintiff did not file a witness list with the Court, as required by the Court's scheduling order, dated September 15, 2005. Bradley Dec. at ¶ 5. Testimony from witnesses who have not been identified is both irrelevant and prejudicial. FRE 402, 403.

10. **Any reference to the purported testimony of an expert witness, or calling as an expert witness at trial or attempting to offer or solicit expert testimony from any person who was not identified as an expert witness in Plaintiff's witness list or expert disclosures.**

Testimony from witnesses who have not been identified is both irrelevant and prejudicial. FRE 402, 403.

11. **Showing the Court any videotape, movie, film, photograph, sound recording, demonstrative exhibit, spreadsheet, chart, diagram, drawing or scale model unless first produced for inspection by FedEx Ground's counsel outside the sight, presence and hearing of the Court and directing that, prior to inspection, such items not be placed in or around the courtroom in areas where the Court could reasonably be expected to view such items.**

Such actions are unfairly prejudicial and inadmissible under FRE 403.

12. **Excluding any evidence of action or inaction relating to Plaintiff's wage and hour claim that occurred before October 1, 2002.**

Evidence of action or inaction relating to Plaintiff's wage and hour claim occurring before October 1, 2002 is inadmissible pursuant to the applicable statute of limitations. Alaska's Wage and Hour Act provides a two-year statute of limitations. AS 23.10.130. Thus, Plaintiff may only recover compensation for the overtime hours that he worked during the two years preceding the date he filed his complaint. *Bliss v. Bobich*, 971 P.2d 141, 146 (Alaska 1998). Plaintiff filed suit on October 1, 2004, so he is barred from recovering overtime compensation for any overtime hours that he worked before October 1, 2002. Thus, any evidence of action or

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 7 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

inaction relating to hours worked or alleged overtime compensation occurring before October 1, 2002 is irrelevant, warranting its exclusion under FRE 402.

13. **Limiting Plaintiff's theories of recovery to those remaining in discovery and the pleadings.**

Plaintiff should not be allowed to add or pursue theories of recovery at trial that were not disclosed to FedEx Ground prior to the discovery cut off date, nor to resurrect any theories that have been dismissed, abandoned, or not pursued. Federal Rule of Civil Procedure 26 limits discovery to information "relevant to the claim or defense of any party." If Plaintiff seeks to add new theories or to resurrect ones that have been dismissed or abandoned, FedEx Ground will not have had any, or a full, opportunity to conduct discovery and/or prepare for trial on these new theories. To avoid prejudice and an unfair trial, Plaintiff's theories of recovery should be limited to those already disclosed and remaining in this case. Evidence relating to any other theory is not admissible at trial.

14. **Any reference to any element of damages not identified in Plaintiff's initial disclosure, answers, or supplemental answers to Defendant FedEx Ground's interrogatories or requests for production.**

Damages not previously identified are irrelevant and any reference to them is unduly prejudicial. FRE 402, 403.

15. **Excluding all of Plaintiff's non-party witnesses, including but not limited to family, from the courtroom during the course of the trial so that they cannot hear the testimony of other witnesses.**

Pursuant to FRE 615, FedEx Ground requests that witnesses be excluded from the courtroom so that they cannot hear the testimony of other witnesses. Doing so will discourage any collusion among the witnesses, and will expose fabrication or inaccuracies. This will help ensure a fair trial on the merits of the case.

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 8 -
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**16.   Requiring the parties to give 24 hours notice of witnesses, depositions and exhibits to be called or used at trial.**

To facilitate a prompt and orderly presentation of witnesses and to expedite the trial, Plaintiff should be required to give this Court and FedEx Ground 24 hours notice of each witness, deposition, or exhibit to be called or used at trial. This ruling will allow FedEx Ground time to prepare for the anticipated testimony of Plaintiff's witnesses and other evidence.

**17.   Requiring the plaintiff to refrain from referring to FedEx Ground as "FedEx" or by any other name besides its full corporate name, FedEx Ground Package System, Inc. (for introductory purposes only), or by the proper short form of its corporate name, FedEx Ground.**

Plaintiff continues to refer to FedEx Ground as FedEx. This name is not accurate and misleading. There are several other separate companies whose names include the word "FedEx" but which are entirely separate companies and operations from FedEx Ground. Using inaccurate names to refer to Defendant FedEx Ground is confusing and prejudicial. Accordingly, Plaintiff and his counsel should be required to refer to FedEx Ground as "FedEx Ground" or, solely for introductory purposes, as "FedEx Ground Package System, Inc."

### III.   CONCLUSION

FedEx Ground's above motions in limine should be granted in order to prevent the prejudice that would result if FedEx Ground was forced to object to evidence that is irrelevant, unfairly prejudicial, or otherwise not properly considered in deciding the issues that remain in this case. The limitations and other requirements are reasonable measures to promote a fair and orderly trial. Thus, FedEx Ground respectfully asks the Court to grant the above motions in limine by entering the accompanying [Proposed] Order Granting Defendant FedEx Ground's Motions in Limine.

//

//

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 9 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

DATED this 30th day of August, 2006.

JACKSON LEWIS LLP

By: /s/ Katheryn Bradley
Katheryn Bradley
Alaska Bar No. 8611098
JACKSON LEWIS LLP
One Union Square
600 University Street, Suite 2900
Seattle, WA 98101
Phone: (206) 405-0404
Fax: (206) 405-4450
E-Mail: bradleyk@jacksonlewis.com
Attorney for Defendant FedEx Ground
Package Systems, Inc.

FELDMAN ORLANSKY & SANDERS

By: /s/ Jeffrey M. Feldman (consent)
Jeffrey M. Feldman
Alaska Bar No. 7605029
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Phone: (907) 272-3538
Fax: (907) 274-0819
Email: feldman@frozenlaw.com
Attorney for Defendant FedEx Ground
Package System, Inc.

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 10 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Isaac D. Zorea
P.O. Box 210434
Anchorage, AK  99521

Moshe C. Zorea
P.O. Box 212043
Anchorage, AK 99521

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

Dated this 30 day of August, 2006, at Seattle, Washington.

_____
Heather M. Feenan

DEFENDANT FEDEX GROUND'S
MOTIONS IN LIMINE - 1 -
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404