Katheryn Bradley, AK Bar No. 8611098
Jackson Lewis LLP
One Union Square
600 University Street
Seattle, WA 98101
Phone: (206) 405-0404
Facsimile: (206) 405-4450
bradleyk@jacksonlewis.com
Attorney for Defendant

Jeffrey M. Feldman, AK Bar No. 7605029
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, Alaska 99501
Phone: (907) 272-3538
Facsimile: (907) 274-0819
feldman@frozenlaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

JOE W. WILLIAMS,
       Plaintiff,
       v.
FEDEX GROUND PACKAGE SYSTEMS,
INC., an Alaskan corporation,
       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: A05-0192CV (TMB)

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

## I.    OVERVIEW

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") moved for summary judgment on each of Plaintiff's four claims. FedEx Ground submitted admissible and competent evidence to demonstrate the lack of any genuine issue of material fact and carefully applied the law to that evidence.

In response, Plaintiff does not directly dispute the evidence submitted by FedEx Ground or challenge FedEx Ground's legal arguments. Rather, Plaintiff ignores FedEx Ground's evidence and instead, relies on his own affidavit that impermissibly contradicts, without explanation, his deposition testimony. Plaintiff apparently hopes to avoid summary judgment by making conclusory allegations, offering inadmissible and speculative "evidence," and raising

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 1 of 25
Case No. A05-0192CV (TMB)

issues of fact that are neither genuine nor material. Ultimately, Plaintiff fails to meet his burden on summary judgment.

## II.   DISCUSSION

### A.   PLAINTIFF FAILS TO MEET HIS BURDEN ON SUMMARY JUDGMENT.

FedEx Ground's summary judgment motion relies on deposition testimony from Plaintiff; John Thompson, the independent contractor who retained Plaintiff; and FedEx Ground's Alaska senior manager, Peter Ricks, to demonstrate the absence of genuine issues of material fact entitling FedEx Ground to summary judgment on each of Plaintiff's claims. Plaintiff does not respond directly to the deposition testimony submitted by FedEx Ground, or the declarations of Thomas W. Herd and James Scapellato (or Mr. Scapellato's expert report, Exhibit E[1]). Nor does Plaintiff seek in any way to challenge the exhibits relied upon by FedEx Ground, including the P&D Agreement between Thompson and FedEx Ground that established the contractual relationship between those parties.[2] Instead, Plaintiff ignores FedEx Ground's evidence – including his own deposition testimony – and submits an affidavit through which he seeks to tell his version of the facts. Plaintiff's approach fails as a procedural matter and his affidavit must be disregarded.

Plaintiff recognizes that to survive summary judgment he must "present evidence from which a jury might return a verdict in his favor." Plaintiff's Opposition, Section III at 8 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986)).[3] However, Plaintiff fails to present competent and admissible evidence, as he must to defeat summary judgment. *Carmen v. San Francisco Unified School Dist.*, 247 F.3d 1026, 1028 & n.4 (9th Cir. 2001). Affidavits, in particular, must be supported by specific facts based on first hand knowledge. *See, e.g.*, Fed. R. Civ. P. 56(e). Affidavits that set forth "ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 295 (5th Cir. 1987); *see also Ivey v. American Home Assurance Co.*, No. 3:03-cv-0202-TMB, 2006 U.S. Dist. LEXIS 32291 at *4 (noting that summary judgment "cannot be

---

[1] Exhibit E is attached to the Declaration of James Scapellato, filed on August 30, 2006 in support of FedEx Ground's Motion.

[2] *See* Exhibits A, B, C, D, 8, 10, 16, 17, 24, 28 and 39 submitted in support of FedEx Ground's Motion submitted with the Declaration of Katheryn Bradley, dated August 30, 2006. Notably, Plaintiff's Exhibit B is identical to Exhibit 16. Unless indicated otherwise, all deposition testimony and exhibits cited in this reply refer to the evidence that Defendant submitted in support of its Motion.

[3] For convenience, FedEx Ground refers to Plaintiff's Memorandum Opposing Defendant's Motion for Summary Judgment, dated October 18, 2006, as "Opposition."

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 2 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

defeated by mere conclusory allegations unsupported by factual data"). Therefore, Plaintiff's affidavit should be ignored to the extent that it sets forth ultimate facts or conclusions of law.

Furthermore, Plaintiff's affidavit should be ignored to the extent that it contradicts his deposition testimony. "If a party who has been examined at length on deposition could raise an issue of fact by simply submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157-58 (9th Cir. 1999) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). Accordingly, a court may disregard a "sham" affidavit submitted by a non-moving party to create an issue of fact by contradicting the party's prior deposition testimony. *See Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1462 (9th Cir. 1985) (disregarding plaintiff's declaration in opposition to motion for summary judgment to the extent that it was contrary to plaintiff's deposition testimony).[4]

To defeat summary judgment, Plaintiff must also demonstrate how any disputed issues of fact that he identifies are material and genuine. *Anderson*, 477 U.S. at 247-48. Material facts are those that "affect the outcome" of the litigation. *Id.* at 248. Genuine facts are those that have "'sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co., Inc.*, 391 U.S. 253, 289 (1968)). Plaintiff's Opposition relies on incompetent evidence in the form of conclusory legal and factual allegations – including those set forth in Plaintiff's affidavit – and then fails to show how purported "issues of fact" are material and genuine. Accordingly, for the reasons discussed below, Plaintiff fails to meet his burden on summary judgment.

**B.    PLAINTIFF'S OVERTIME CLAIM FAILS AS A MATTER OF LAW.**

**1.    Plaintiff's claim is largely barred by the statute of limitations.**

Plaintiff does not dispute, and therefore concedes, FedEx Ground's position that the applicable two year statute of limitations bars Plaintiff from recovering overtime compensation for any overtime hours that he worked before October 1, 2002, two years before his complaint

---

[4] Plaintiff's affidavit should be disregarded for yet another reason. Plaintiff's Opposition simply cites his affidavit without identifying any specific paragraph numbers. Plaintiff's failure to cite paragraph numbers has made it difficult for FedEx Ground to respond and undermines the efficient management of the Court. When a party relies on an affidavit without citing paragraph numbers, the "trial court may in its discretion exclude the evidence." *Orr v. Bank of Am.*, 285 F.3d 764, 775 & n.14 (9th Cir. 2002).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 3 of 25
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1     was filed.[5]  Plaintiff's sole attempt to avoid summary judgment on this issue is to claim an issue

2     of fact regarding his last day of employment.  However, Plaintiff's attempt fails for two reasons.

3            First, Plaintiff's last day of employment is immaterial to the application of the statute of

4     limitations in this case.  The limitations period operates according to the date the complaint was

5     filed, not the Plaintiff's last day of employment.  *See Bliss v. Bobich*, 971 P.2d 141, 146 (Alaska

6     1998) (cited in FedEx Ground's Motion, Section III.C.1. at 11, and not distinguished by

7     Plaintiff).  Plaintiff's Complaint was filed on October 1, 2004.  Accordingly, FedEx Ground is

8     entitled to summary judgment in its favor on Plaintiff's overtime claim for work performed prior

9     to October 1, 2002.

10           Second, Plaintiff fails to submit admissible evidence to support his assertion that a

11    dispute exists regarding his last day of employment.  Plaintiff's affidavit states that he was not

12    allowed to work after October 15, 2002.[6]  This statement flatly contradicts, without explanation,

13    Plaintiff's deposition testimony.  Plaintiff testified that he could not remember his last day of

14    work.  Plaintiff Dep. at 155:13-160:1.[7]  When FedEx's counsel showed him Exhibit 16 (also

15    identified as Plaintiff's Exhibit B), Plaintiff guessed that his last day of work was October 14,

16    2002.  Plaintiff Dep. at 158:21-160:1.[8]  Importantly, Plaintiff's guess was based on a gross

17    mischaracterization of the evidence.  Exhibit 16 is dated October 14, 2006, but it clearly

18    identifies Plaintiff's last day of work as October 4, 2002.  Plaintiff's guess is speculative and his

19    sham affidavit should be disregarded.  *See Foster*, 772 F.2d at 1462.

### 2.     FedEx Ground was not Plaintiff's employer subject to the Alaska Wage and Hour Act.

            Plaintiff is not entitled to either four or ten days of overtime, however, because he was

not an employee of FedEx Ground.  While Plaintiff attempts to create genuine issues of material

fact on all four of the *Bonnette* factors and all eight of the *Torres-Lopez* factors, Plaintiff utterly

fails to do so.  Accordingly, FedEx Ground is entitled to summary judgment on Plaintiff's

overtime claim.

---

[5] *See* Motion, Section III.C.1. at 11.
[6] Opposition Ex. A ¶19 at 5.
[7] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.
[8] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 4 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Plaintiff begins by arguing that Plaintiff's belief that he was a subcontractor to FedEx Ground is immaterial: "[I]t is an immaterial issue that Joe Williams thought, at one time, that his relationship with FedEx was that of a subcontractor."[9]  Plaintiff then argues that FedEx Ground's utilization of independent contractors rather than employees to deliver packages is similarly immaterial.[10]  After deeming those facts immaterial – because application of the Wage and Hour Act "'does not turn on subjective intent,'"[11] – Plaintiff apparently sees no irony in arguing that Plaintiff's subjective intent, in fact, precludes summary judgment: "Joe Williams stated in his deposition, and restated in his affidavit, that he remembers entering into an oral contract with Peter Ricks, FedEx's Regional Manager, for employment.  Based on this direct evidence, FedEx is precluded from asserting that undisputed facts exist to warrant summary judgment."[12]

Plaintiff's ironic argument reflects a confusion that is repeated throughout his arguments on the Wage and Hour Act.  First, subjective belief is not to be confused with "economic reality."  Second, to preclude summary judgment, a fact must not only be disputed – it must also be material.

### a.    None of the *Bonnette* factors indicates that a joint employment relationship existed.

#### (1)    FedEx Ground did not have the power to hire or fire Plaintiff.

Plaintiff's confusion of subjective belief and economic reality is evident in his discussion of the first *Bonnette* factor.  In support of his argument that Ricks had the power to hire or fire Plaintiff, Plaintiff asserts only that he believed, based on Ricks's indication that he was "in control," that Ricks had the power to hire or fire him – an assertion supported only by Plaintiff's affidavit.[13]

That assertion, of course, flatly contradicts Plaintiff's deposition testimony.  Plaintiff testified that, in his initial meeting with FedEx Ground, he was told that FedEx Ground was unable to hire him directly and that he would have to work pursuant to Thompson's Agreement.  Plaintiff Dep. at 90:4-10, 90:16-17, 91:7-9, 101:25-102:3, 163:18-23.  Plaintiff further testified that Ricks was, in fact, powerless to stop Plaintiff's termination.  Plaintiff Dep. at 93:4-7.  Therefore, Plaintiff could not have believed that FedEx Ground had the power to hire or fire him.

---

[9] Opposition, Section IV.A.2. at 10.
[10] Opposition, Section IV.A.2.a. at 11-12.
[11] Opposition, Section IV.A.2. at 11 (quoting *Brennan v. Partida*, 492 F.2d 707, 709 (5th Cir. 1974)).
[12] Opposition, Section IV.A.2.b. at 12 (citations omitted).
[13] Opposition, Section IV.A.b.(1).(a). at 14-15.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 5 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

In any event, Plaintiff's belief is ultimately immaterial to the "economic reality" of Plaintiff's situation. The "economic reality" was that Thompson had a contractual relationship with FedEx Ground to service the shuttle run, and, pursuant to that contract, Thompson had the ability to retain a driver. Exhibit 8 at ¶ 2.2. FedEx could not force Thompson to hire or fire any driver, including Plaintiff. Those decisions were Thompson's alone.

### (2)    FedEx Ground did not supervise or control Plaintiff's work schedule or conditions of payment.

With regard to this factor, Plaintiff makes two arguments. Plaintiff argues that, because he was required to perform certain tasks, FedEx Ground controlled his work schedule. Plaintiff also argues that *Bonnette* requires consideration of Plaintiff's "conditions of employment" rather than his "conditions of payment" and that FedEx Ground controlled those conditions.

With regard to the first argument, Plaintiff may have been required to perform certain tasks. But FedEx Ground did not require Plaintiff to perform those tasks; rather, FedEx Ground required Thompson to perform those tasks as part of his contractual obligations to FedEx Ground. Exhibit 8 at 26. Thompson delegated his obligations to Plaintiff, Thompson Dep. at 55:1-5, and, on rare occasions, FedEx Ground interacted with Plaintiff regarding those obligations. Thompson Dep. at 102:14-21; Ricks Dep. at 163:24-164:6, 170:8-11. But FedEx Ground did not – and could not – require Plaintiff to do anything.

In any event, even if Plaintiff were required to perform certain tasks, FedEx Ground did not control his schedule. Plaintiff, in fact, worked his own schedule, and Ricks rarely interacted with him. Ricks Dep. at 163:24-164:6. Plaintiff was free to perform the required tasks on whatever schedule he desired, so long as those tasks were fulfilled. Furthermore, Plaintiff could have altered his schedule, without FedEx Ground's permission, by renegotiating the required tasks with Thompson. Exhibit 8 at ¶ 2.2. Conceivably, as an independent contractor, Plaintiff could have altered his schedule by retaining his own qualified driver to assist him. FedEx Ground, then, had no control over Plaintiff's schedule.

With regard to the second argument – concerning conditions of employment – FedEx Ground concedes that, in *Bonnette*, the court included "conditions of employment" as part of the second factor. However, in Moreau, a later case by the Ninth Circuit, the court included only "conditions of payment" as part of the second factor. *See Moreau v. Air France*, 356 F.3d 942, 947 (9th Cir. 2004). Plaintiff does not dispute – for he cannot – that FedEx Ground lacked

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

control over his "conditions of payment." Therefore, under the factor as articulated in *Moreau*, summary judgment is clearly warranted on this factor.

But, even if this Court considers "conditions of employment," FedEx Ground is still entitled to summary judgment. Plaintiff points to three conditions of employment that FedEx Ground allegedly controlled: (1) Plaintiff's uniform, (2) the markings on Plaintiff's vehicle, and (3) passengers in Plaintiff's vehicle.[14] Those requirements, however, are consistent with federal safety regulations. Exhibit E at 8-9. Accordingly, they may not be considered indicia of control for the purposes of the joint-employer test:

> Government regulation constitutes supervision not by the employer but by the state. Thus, to the extent that government regulation of a particular occupation is more extensive, the control by a putative employer becomes less extensive because the employer cannot evade the law either and in requiring compliance with the law he is not controlling the driver. It is the law that controls the driver. Thus, requiring drivers to obey the law is not more control . . . than would be a routine insistence upon the lawfulness of the conduct of those persons which whom one does business.

*Local 777, Democratic Union Organizing Committee v. N.L.R.B.*, 603 F.2d 862, 875 (D.C. Cir. 1978) (emphasis added); *see also N.L.R.B. v. Assoc. Diamond Cabs*, 702 F.2d 912, 920 (11th Cir. 1983) ("Finally, and quite significantly, control, in order to evidence employee status, must be control by the employer, not simply employer oversight of control exercised by a regulatory government body."); *Air Transit, Inc. v. N.L.R.B.*, 679 F.2d 1095, 1100 (4th Cir. 1982) (same). This principle was recognized by the *Moreau* court when considering a similar argument:

> It is, however, noteworthy that in this case, much of the indirect supervision or control exercised by Air France over the ground handling employees was purportedly to ensure compliance with various safety and security regulations, such as ensuring that food equipment was properly stowed or that the plane's load was adequately balanced. Any airline that is concerned about its passengers' safety would be remiss to simply delegate a task to another party and not double-check to verify that the task was done properly. We therefore believe that the purported control or supervision alleged by Moreau in this case is qualitatively different from the farmworker situation in *Torres-Lopez*.

---

[14] Opposition, Section IV.A.2.b.(1).(b). at 16.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 7 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1    *Moreau*, 356 F.3d at 951.  Federal regulations, not FedEx Ground, controlled Plaintiff's working

2    conditions in this case.

3       **(3) FedEx Ground did not determine the rate and method of Plaintiff's payment.**

4      With regard to this factor, Plaintiff does not argue that FedEx Ground determined that

5    rate and method of Plaintiff's payment.  Plaintiff asserts that "the decision on his pay was made

6    during the initial meeting between himself, Peter Ricks and John Thompson,"[15] but Plaintiff does

7    not assert that Ricks made the decision.  In fact, Plaintiff testified at his deposition that

8    Thompson decided that Plaintiff would get all of Thompson's weekly settlement, minus $100,

9    and communicated that decision to Ricks: "John told Peter that I would get all of it except $100 a

10    week."  Plaintiff Dep. at 21:23-24; *see also* Plaintiff Dep. at 165:13-17[16] ("When I got my truck

11    online, then John says: I'll pay you this much.  And Peter says:  Okay, is that good?  And I said:

      Yeah, if he pays me that minus his $100 a week, I get the rest.").

12      Plaintiff's argument that FedEx Ground controlled Plaintiff's pay because it controlled

13    "what the shuttle run would receive per package, and per mile"[17] is simply unavailing.  Plaintiff

14    and Thompson determined how Plaintiff would be paid.  The fact that Plaintiff's pay was tied to

15    the amount that FedEx Ground paid Thompson does not indicate that FedEx Ground controlled

16    Plaintiff's pay, except in the most attenuated and indirect manner.  Plaintiff's pay was controlled

17    by Thompson, and, if Plaintiff did not like how his pay was determined, Plaintiff was free to

      renegotiate his pay with Thompson.

18      Plaintiff further states that "if he had a problem with his check he went to Ricks, not

19    Thompson."[18]  But Plaintiff's statement – supported, again, by only his self-serving affidavit – is

20    misleading, at the very least.  Plaintiff testified that, when he approached Ricks with problems

      about his check, Ricks told Plaintiff to talk to Thompson:

21        Q. When you went to Mr. Ricks about how much you were

22          getting paid, what did he tell you?

23        A. He told me I needed to talk to John.

24

25    [15] Opposition, Section IVA.2.b.(1).(c). at 16.

26    [16] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.

27    [17] Opposition, Section IV.A.2.b.(1).(c). at 16.
      [18] Opposition, Section IV.A.2.b.(1).(c). at 16.

28    REPLY IN SUPPORT OF DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT- 8 of 25
      Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Plaintiff Dep. at 72:13-15. Plaintiff either knew or should have known that Ricks had no power to correct any problems with Plaintiff's pay. But, regardless of Plaintiff's beliefs, Ricks certainly lacked that power in reality, as he testified:

> Q.    Did you tell Mr. Thompson how to pay his drivers?
>
> A.    No.

Ricks Dep. at 162:6-7.

Finally, Plaintiff asserts that his paychecks listed FedEx Ground in addition to Thompson.[19] But that assertion says nothing about the reality of FedEx Ground's control over Plaintiff's pay. Ricks never saw one of Plaintiff's paychecks. Ricks Dep. at 169:11-18. If Ricks had seen one of Plaintiff's paychecks, Ricks would have told Thompson to cease using FedEx Ground's name, Ricks Dep. at 169:5-10, because Thompson lacked the authority to use it in that manner, Ricks Dep. at 168:22-24.

### (4)    FedEx Ground did not maintain any records on Plaintiff other than those required by DOT regulations.

Plaintiff asserts that there is a disputed issue of fact regarding whether FedEx Ground maintained employment-type records regarding Plaintiff, but he only points to two types of records that FedEx Ground maintains – driving records and settlement records – the maintenance of which FedEx Ground does not dispute. Therefore, the question surrounding this factor is a legal one, not a factual one.

As pointed out in FedEx Ground's Motion, the driving records to which the Plaintiff points were required by DOT regulations and, accordingly, do not weigh in favor of joint employer status.[20]

The settlement records to which Plaintiff points were not required by the DOT. Rather, they were used to compensate Thompson. While Thompson, in turn, compensated Plaintiff in accordance with their arrangement, the settlement records did not directly relate to Plaintiff's employment. Indeed, as Plaintiff testified at his deposition, Plaintiff's access to Thompson's settlement records was very limited. Plaintiff Dep. at 222:22-223:15.[21] Those settlement records are not employment records, and they do not indicate an employment relationship between

---

[19] Opposition, Section IV.A.2.b.(1).(c). at 16.
[20] Motion, Section III.C.2.(1).(d). at 18.
[21] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

FedEx Ground and Plaintiff. Indeed, the records only further confirm that FedEx Ground's relationship with Plaintiff was through Thompson.

   b.    **The *Torres-Lopez* factors do not indicate that a joint employment relationship existed.**

      (1)    **Plaintiff used his own equipment for his work and rarely used FedEx Ground's premises.**

Plaintiff does not deny that he owned the vehicle he used for the shuttle run. Instead, Plaintiff asserts that his investment in that vehicle was not considerable "when compared with the investment made by FedEx ground [sic]."[22] This factor, however, merely asks whether the alleged employee owned his own equipment, not whether the alleged employer made a relatively larger investment in its business. Accordingly, the fact that Plaintiff owns his own equipment weighs in FedEx Ground's favor.

Plaintiff attempts to create a factual issue regarding his use of FedEx Ground's facilities, but it is clear that his use of FedEx Ground facilities was, indeed, "minimal (and obviously essential)." *Moreau*, 356 F.3d at 951. FedEx Ground does not dispute that Plaintiff "began and ended each day" at the FedEx Ground terminal in Anchorage.[23] After all, to deliver FedEx Ground packages, Plaintiff had to pick them up somewhere. Relatedly, the fact that Plaintiff "parked his vehicle,"[24] at the terminal to facilitate his pick up has no bearing on where he performed his work.

Plaintiff does assert that his day "essentially revolved around moving from one FedEx facility to another, and back again."[25] That is essentially true, as Thompson tasked Plaintiff with transporting packages from Anchorage to the Kenai/Soldotna area and vice versa. However, as Plaintiff's affidavit makes clear, most of his deliveries were made to non-FedEx facilities.[26] Furthermore, Plaintiff's travel between facilities occupied most of his day, and that travel was not conducted on FedEx Ground's premises.

---

[22] Opposition, Section IV.A.2.b.(2).(a). at 18.
[23] Opposition, Section IV.A.2.b.(2).(a). at 18.
[24] Opposition, Section IV.A.2.b.(2).(a). at 18.
[25] Opposition, Section IV. A.2.b.(2).(a). at 18.
[26] Opposition Ex. A ¶ 13 at 3-4.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 10 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

### (2)    Plaintiff had a business organization that could or did shift as a unit from one worksite to another.

2

3        In attempting to create disputed issues of fact on this issue, Plaintiff does not deny that he

4   had a business organization. He instead asserts that his truck had prominent FedEx Ground

    logos, a fact that FedEx Ground does not dispute. Those logos are required by DOT regulations.

5   Exhibit E at 7-8. Accordingly, the logos should not be held to create an employer relationship.

6        Plaintiff then makes two factual assertions that are not supported by any citations – not

7   even citations to his own affidavit.[27] Those assertions are (1) that Plaintiff could not use his

8   truck for other business because of restrictions imposed by Ricks and (2) that Thompson

    prevented Plaintiff "from shifting his business to another worksite within Fedex."[28] FedEx

9   Ground does not know to what Plaintiff is referring in his second assertion, but, because it was

10  Thompson, rather than FedEx Ground, preventing Plaintiff's shift, that fact does not indicate that

11  FedEx Ground was Plaintiff's employer.

12       Plaintiff's first assertion, however, is misleading. The logos on a commercial truck

13  "provide notice to the public as to which motor carrier is providing the transportation services."

14  Exhibit E at 7-8. Therefore, if Plaintiff were providing transportation services on his own behalf,

    rather than FedEx Ground's, a display of FedEx Ground logos would be misleading to the

15  public. Accordingly, FedEx Ground's policies on vehicle markings – which "meet the intent and

16  purpose of federal law and clearly conform to industry practice," Exhibit E at 8 – require drivers

17  to cover up FedEx Ground logos when they are conducting non-FedEx Ground business.

18  Plaintiff Dep. at 179:25-181:24;[29] Ricks Dep. at 85:4-86:6.[30]

19       Plaintiff, then, was free to use his truck for other business. However, when engaged in

20  that business, Plaintiff was obligated to cover up the FedEx Ground logos on his truck. Plaintiff

    testified that, on a single occasion, he was unable to determine a suitable means for covering his

21  logos, making personal use of his truck "unacceptable" to FedEx Ground and the DOT. Plaintiff

22

23

24

25  [27] Opposition, Section IV.A.2.b.(2).(b). at 19.
    [28] Opposition, Section IV.A.2.b.(2).(b). at 19.

26  [29] See Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F
    thereto.

27  [30] See Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit G
    thereto.

28  REPLY IN SUPPORT OF DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT- 11 of 25
    Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Dep. at 179:25-180:11.[31]  FedEx Ground's restriction on Plaintiff's use of the truck in that circumstance, if true, is both understandable and perfectly legal.

In any event, that restriction does not show that Plaintiff was unable to shift his business from one worksite to another. Plaintiff, after all, had been in business since 1991 and performed a variety of services unrelated to FedEx Ground. Plaintiff Dep. at 45:14-24. FedEx Ground's restriction on a single piece of equipment on a single occasion does not change that fact. In addition, contrary to Plaintiff's assertion,[32] Plaintiff was able to shift his truck to another worksite once Thompson terminated him, as Plaintiff used his truck to provide transportation services on at least three occasions following his termination. Plaintiff Dep. at 166:15-18.[33]

### (3)    Plaintiff's work required initiative, judgment, and foresight.

Plaintiff's argument regarding this factor relies on a single, bald assertion that "[t]he job of driving from one location to another is not the sort of task that requires initiative, judgment or foresight."[34]  That assertion is unsupported by any citation to the record and is flatly contradicted by Plaintiff's own testimony, to which FedEx Ground cites in its Motion.[35]  While Plaintiff argues that some of his non-driving tasks were fairly simple, those tasks comprised a relatively small percentage of Plaintiff's work and should not be the main focus of this factor.

### (4)    Plaintiff had an opportunity for profit or loss depending upon his managerial skill.

In addressing this factor, it appears that Plaintiff has simply ignored FedEx Ground's arguments. While Plaintiff did not have an unlimited number of packages to deliver each day,[36] he did have an opportunity for loss if he failed to deliver his packages at all.[37]  Furthermore, Plaintiff's time management would not result in a greater number of total packages moved,[38] but it would result in greater profitability on a per hour basis.[39]  Accordingly, Plaintiff did have some

---

[31] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.
[32] Opposition, Section IV.A.2.b.(2).(b). at 19.
[33] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.
[34] Opposition, Section IV.A.2.b.(2).(c).  at 19.
[35] Motion, Section III.C.2.b.(1).(c). at 20.
[36] Opposition, Section IV.A.2.b.(2).(d). at 19-20,
[37] Motion, Section III.C.2.b.(1).(d). at 21.
[38] Opposition, Section IV.A.2.b.(2).(d). at 20,
[39] Motion, Section III.C.2.b.(1).(d). at 21

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1    opportunity for profit or loss depending on his managerial skill, and this factor should weigh in

2    FedEx Ground's favor.

### (5)    There was no permanence in Plaintiff's working relationship with FedEx Ground.

4    Plaintiff's argument on this factor is also puzzling.  Plaintiff argues that, even though he

5    delivered FedEx Ground packages for less than a year, his relationship with FedEx Ground had

6    some degree of permanence.  In support of that argument, Plaintiff again relies on his own

7    beliefs rather than on the "economic reality" of the relationship, stating only that Ricks told him

8    that his relationship would be permanent and that he had assurances that the job would last.[40]  In

9    fact, however, Plaintiff's relationship was completely dependent on Thompson, Exhibit 8 at ¶

10   2.2, and even Thompson's relationship with FedEx Ground lasted only three years.  Thompson

     Dep. at 29:20-30:1, 129:15-21.

11   Furthermore, Plaintiff himself claimed, in his deposition, that his arrangement was not

12   permanent.  In fact, according to Plaintiff, Ricks told Plaintiff that he needed to work the shuttle

13   run under Thompson's contract because the route was small and FedEx Ground did not want to

14   make it into a separate work area.  Plaintiff Dep. at 18:19-21.  According to Plaintiff, Ricks also

15   told Plaintiff that, once FedEx Ground approved a shuttle run to Fairbanks, Plaintiff would be

16   given that work area as an independent contractor.  Plaintiff Dep. at 18:21-19:1.  Plaintiff clearly

     knew that his relationship with Thompson was only temporary.

### (6)    Transfer of responsibility under the Agreement from one contractor to another would result in material changes to Plaintiff's work.

19   As part of a recurring theme, Plaintiff's assertions regarding this factor ignore the

20   "economic reality" of his situation.  Plaintiff's only argument is that, if the shuttle run had been

21   transferred from Thompson to another contractor, Plaintiff's pay would not have changed

22   because "he was paid per package."[41]  That argument, however, ignores that reality that, under

23   the Operating Agreement, each contractor is responsible for determining how its drivers are paid.

24   Exhibit 8 at ¶ 2.2.  Therefore, while another contractor might have paid Plaintiff on a per

     package basis, the contractor could also have decided to pay Plaintiff on a weekly or even hourly

25

26

27   [40] Opposition, Section IV.A.2.b.(2).(e). at 20.
     [41] Opposition, Section IV.A.2.b.(2).(f). at 21.

28   REPLY IN SUPPORT OF DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT- 13 of 25
     Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

basis.  Even Plaintiff admits that, at the very least, the $100 "administrative fee" would have changed.[42]

Furthermore, Plaintiff's pay was not the only aspect of his work conditions that was subject to change.  A new contractor could have added or subtracted from Plaintiff's duties, *cf.* Thompson Dep. at 97:1-98:8, been more hands-on in its supervision of Plaintiff, *cf.* Thompson Dep. at 77:9-10, 102:14-21, or replaced Plaintiff altogether.  A transfer of responsibilities from Thompson to another contractor, then, would not have been immaterial to Plaintiff's working conditions.

### (7)    Plaintiff's work was not a specialty job that was part of an integrated unit of production.

Plaintiff makes no argument that the final two factors – whether the work was a specialty job on the production line and whether the service rendered is an integral part of the alleged employer's business – should apply to his situation.  *Cf. Moreau*, 356 F.3d at 952 ("The remaining *Torres-Lopez* considerations focus on whether the work was an integral part of the alleged employer's business.  We question whether or not this factor translates well outside of the production line employment situation . . . .") (citation omitted).  Plaintiff does argue, however, that his duties were merely "one step in a sequence of steps whereby FedEx packages are moved from one point to another."[43]  Of course, any job can be characterized as being one step in a sequence of steps.  It is for that reason that *Moreau* limited the applicability of this factor to cases like *McComb* and *Torres-Lopez*, where the workers worked on an assembly line and engaged in a limited number of highly-specific motions.  *See McComb*, 331 U.S. at 729-30; *Torres-Lopez*, 111 F.3d at 643.

Plaintiff's work, in contrast, required him to meet qualification standards for driving, to comply with safety regulations, and to engage in difficult driving.[44]  Furthermore, Plaintiff was required to supervise himself and exercise initiative, judgment, and foresight.  *See supra* Section II.B.2.b.(3).  Accordingly, these final factors weigh against a finding that Plaintiff was FedEx Ground's employee.

---

[42] Opposition, Section IV.A.2.b.(2).(f). at 21.
[43] Opposition, Section IV.A.2.b.(2).(g). at 21.
[44] Motion, Section III.C.2.b.(1).(g). at 23.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 14 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**c.    Summary.**

Plaintiff has utterly failed to demonstrate a single issue of material fact regarding the "economic reality" of his relationship with FedEx Ground.  While Plaintiff attempts to make extensive use of his own beliefs regarding the nature of his relationship, those beliefs either flatly contradict his deposition testimony or fail to reflect the reality of his situation.  Accordingly, Plaintiff's beliefs should not prevent the entry of summary judgment in this case.

Rather, because the undisputed facts in this case indicate that all of the *Bonnette* and *Torres-Lopez* factors lean in favor a finding that FedEx Ground was not Plaintiff's employer, this Court should grant summary judgment in FedEx Ground's favor on Plaintiff's claim under the Alaska Wage and Hour Act.

**C.    NO ACTUAL OR CONSTRUCTIVE CONTRACT EXISTS AS A MATTER OF LAW.**

Plaintiff does not dispute FedEx Ground's argument that his quantum meruit and quasi-contract claims fail, as a matter of law, unless he can show that an actual or constructive contract exists.[45]  While Plaintiff claims that there are issues of fact that preclude summary judgment, he fails to submit competent evidence or explain why the purported issues of fact are material.

**1.    Plaintiff cannot establish an actual contract.**

**a.    FedEx Ground and Plaintiff did not reach a meeting of the minds.**

FedEx Ground's motion demonstrated that Plaintiff knew that FedEx Ground expressly disclaimed any intent to be contractually bound to Plaintiff, thereby preventing the meeting of the minds needed to establish mutual assent.[46]  While Plaintiff acknowledges that he must prove mutual assent to contract before he can establish an actual contract,[47] Plaintiff has not adduced any evidence that disputes (1) FedEx Ground's express denial of any intent to be contractually bound to Plaintiff or (2) Plaintiff's admission that FedEx Ground would not contract the shuttle run to him because of the shuttle's small size.[48]  Instead, Plaintiff suggests there are issues of fact because Plaintiff and Ricks "entered into an oral contract" and Plaintiff purchased his truck

---

[45] *See* Motion, Section III.D. at 24-28.
[46] *See* Motion, Section III.D.1.a. at 25-26.
[47] Opposition, Section IV.B.1. at 22.
[48] *See* Motion III.D.1. at 25.

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

"because Ricks made adequate assurances to him that he would have a job for at least three years."[49]  Once again, these "issues" are not based on admissible evidence and are not material.

First, Plaintiff's arguments that he and Peter Ricks "entered into an oral contract" and had a "meeting of the minds" are conclusory allegations that cannot defeat summary judgment.[50]  *See Sicor Limited v. Cetus Corp.*, 51 F.3d 848, 860-61 (9th Cir. 1995); *Leonard*, 828 F.2d at 295.  A contract's existence is determined by "applying the law to accepted facts."  *Helash v. Ballard*, 638 F.2d 74, 75 (9th Cir. 1980) (per curiam).  Plaintiff impermissibly glosses over the "facts" that Rule 56 requires the non-moving party to adduce.  Furthermore, Plaintiff's assertion that he "entered into an oral contract" is based on Plaintiff's subjective understanding.[51]  A party's "unexpressed subjective intent" is irrelevant in determining whether a contract existed.  *See Howarth v. First Nat'l Bank of Anchorage*, 596 P.2d 1164, 1167 n.8 (Alaska 1979).  Therefore, Plaintiff's subjective understanding of the parties' conversation is immaterial.

Second, Plaintiff's assertion that he purchased his truck because "Ricks made adequate assurances to him that he would have a job for at least three years" contradicts Plaintiff's deposition testimony.  There, Plaintiff conceded that Ricks did not tell him that he had an agreement with FedEx Ground that would last three years.  Indeed, Plaintiff testified that Ricks told him that he had to work under Thompson's agreement with FedEx Ground.  Plaintiff Dep. at 163:18-23.  Furthermore, when asked if Ricks told him that he had a three-year contract, Plaintiff answered, "as far as *if* he made it a contract – which he said he wanted it to turn out being – that it would be a three-year [contract]."  Plaintiff Dep. at 177:3-5 (emphasis added).  Because Plaintiff's deposition testimony flatly contradicts his affidavit, his affidavit does not create a material dispute of fact sufficient to defeat summary judgment.  *See Foster*, 772 F.2d at 1462.

Plaintiff also suggests that the existence of an oral contract can only be resolved at trial, citing *Riley v. Northern Commercial Co.*, 648 P.2d 961, 970 (Alaska 1982).[52]  However, *Riley* is not controlling for two reasons.  First, the Alaska court obviously applied state court summary judgment procedure, which does not apply here.  *See Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (federal summary judgment rules apply in diversity

---

[49] Opposition, Section IV.B.1. at 23 and Ex. A ¶6 at 2.
[50] *See* Opposition, Section IV.B.1 at 22-23.  Notably, Plaintiff's assertion regarding the "meeting of the minds" is not supported by Plaintiff's affidavit, despite the Opposition's suggestion otherwise.  *See* Opposition Ex. A ¶¶18-22 at 5.
[51] *See* Opposition Ex. A ¶18 at 5.
[52] Opposition, Section IV.B.1. at 23.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 16 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

cases, and not state rules). Second, in *Riley,* unlike this case, trial was required because the non-moving party met its burden by identifying competent evidence that created material disputes of fact regarding contract reformation. Further, Alaska courts have not adopted any rule that precludes the use of summary judgment on contract claims. In fact, Alaska courts also grant summary judgment dismissing contract claims where, like here, the non-moving party fails to demonstrate genuine issues of material fact. *See Lexington Ins. Co. v. Lindahl Construction and Engineering, Inc.*, 47 P.3d 1081, 1086-87 (Alaska 2002) (affirming summary judgment because the plaintiff did not make a sufficient showing through the defendant's actions or written or spoken words that the defendant assented to an agreement).

FedEx Ground's motion demonstrated that Plaintiff could not have reasonably believed that FedEx Ground agreed to contract directly with him because (1) Ricks disclaimed any intent to be contractually bound to Plaintiff, and (2) Plaintiff knew that Ricks had no authority to convert the shuttle run to a separate work area that Plaintiff could operate without Thompson.[53] Plaintiff responds by mischaracterizing FedEx Ground's argument. Plaintiff states: "FedEx argues that Williams *should* have realized that Ricks overstepped his authority."[54] This was not FedEx Ground's argument. Rather, FedEx Ground argued, based on Plaintiff's own admissions, that Plaintiff *did* know that Ricks had no authority to contract with Plaintiff. Plaintiff has not explained away his admissions or introduced competent evidence contradicting FedEx Ground's evidence. Accordingly, based on the undisputed facts, Plaintiff could not have reasonably believed that FedEx Ground agreed to contract directly with him.

Plaintiff's arguments simply side-step FedEx Ground's argument and undisputed evidence showing no mutual assent. Plaintiff's conclusory allegations – unsupported by any evidence – that the parties had a meeting of the minds and formed an oral contract is simply not sufficient to defeat summary judgment. Absent evidence of mutual assent, Plaintiff cannot demonstrate the existence of an actual contract. *See Brady v. State of Alaska*, 965 P.2d 1, 10 (Alaska 1998) (stating that the parties' words and actions must objectively and reasonably demonstrate a "present intent to be bound").

---

[53] Motion, Section III.D.1. at 26.
[54] Opposition, Section IV.B.1. at 23 (emphasis added).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 17 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### b.    Thompson's agreement with Plaintiff did not bind FedEx Ground.

Plaintiff does not respond to and therefore concedes FedEx Ground's argument that John Thompson had no actual or apparent authority to act on behalf of FedEx Ground in his dealings with Plaintiff.[55]  Thus, Thompson's agreement with Plaintiff did not bind FedEx Ground.

### 2.    There was no constructive contract between the parties.

FedEx Ground's motion pointed out that it paid Thompson for the services that Plaintiff rendered under his agreement with Thompson, and therefore FedEx Ground was not unjustly enriched, citing *Alaska Sales & Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987).[56]  Plaintiff does not dispute that FedEx Ground paid Thompson for Plaintiff's services and offers no evidence to the contrary.  Instead, Plaintiff argues that he netted only $346.84 a week for 50 hours of work and that Ricks convinced Plaintiff to take the financial risks associated with the package transportation business without ensuring that these financial risks could be recouped.  However, these "facts," even if true, are not material.

At most, his "evidence" demonstrates that Thompson did not fairly compensate Plaintiff for his services.  The question before the Court is whether FedEx Ground paid for Plaintiff's services and therefore was not unjustly enriched.  Plaintiff's evidence is irrelevant to this question and does not affect the outcome of the litigation, rendering Plaintiff's purported issues of fact immaterial.

### D.    PLAINTIFF'S IMPLIED COVENANT THEORY FAILS AS A MATTER OF LAW.

FedEx Ground argued that Plaintiff's implied covenant claim failed, as a matter of law, because Plaintiff cannot show that an actual contract was formed by the parties and that FedEx Ground objectively and subjectively breached an implied covenant of good faith and fair dealing.[57]  Plaintiff does not disagree, but instead claims that there are issues of fact that preclude summary judgment.  But Plaintiff again fails to support his arguments with admissible evidence or explain why those issues are material, as discussed below.

---

[55] *See* Motion, Section III.D.1.b. at 26.
[56] *See* Motion, Section III.D.2. at 28.
[57] *See* Motion, Section III.E. at 29.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 18 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1. **There is no implied covenant of good faith and fair dealing in quasi-contracts.**

Plaintiff does not challenge and therefore concedes that his implied covenant of good faith and fair dealing claim cannot be based on a constructive or quasi-contract.[58]  Plaintiff instead attempts to create a material issue of fact by asserting that he "entered into an oral contract with FedEx Ground."[59]  Again, this is a conclusory allegation that cannot defeat summary judgment, as discussed above.  *See Leonard*, 828 F.2d at 295.  Moreover, this conclusion is supported only by Plaintiff's subjective and irrelevant understanding of his conversation with Ricks.[60]  Thus, Plaintiff's purported issue of fact is both immaterial and inadmissible.

2. **Even if a contract existed between the parties, Plaintiff has failed to adduce any evidence that FedEx Ground objectively or subjectively breached the implied covenant of good faith and fair dealing.**

Plaintiff does not challenge and therefore concedes that Thompson, not FedEx Ground, made the decision to terminate Plaintiff for economic reasons.  Nor does he disagree with FedEx Ground's argument that, as a matter of law, it is not improper or impermissible to terminate an employee for economic reasons.[61]  Plaintiff again attempts to defeat summary judgment by claiming that two issues of fact preclude summary judgment on this issue: (1) whether or not Ricks knew that he could not guarantee Plaintiff three years of work; and (2) whether or not FedEx Ground could have fulfilled its promise that Plaintiff would have three years of work.  Even if these facts were true, however, they are not material.  It remains undisputed that Plaintiff was terminated for economic reasons.  As a matter of law, FedEx Ground did not violate the covenant of good faith and fair dealing when Thompson terminated Plaintiff for economic reasons.

## E.    FEDEX GROUND DID NOT VIOLATE ALASKA'S UNFAIR TRADE PRACTICES ACT.

Plaintiff acknowledges that his claim under Alaska's Unfair Trade Practices Act fails, as a matter of law, unless he can show a material issue of fact regarding (1) whether a contract

---

[58] Motion, Section III.E.1. at 29.
[59] Opposition, Section IV.C. at 24.
[60] *See* Opposition Ex. A ¶18 at 5.
[61] *See* Motion, Section III.E.2. at 30-31 and cases cited therein.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 19 of 25
Case No. A05-0192CV (TMB)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

existed; and (2) whether FedEx Ground misled Plaintiff.[62]  However, Plaintiff fails to point to specific facts or admissible evidence supporting his arguments.  He also fails to show why the issues he raises are material.

### 1.    FedEx Ground did not violate the Act because it had no agreement with Plaintiff.

In a last-ditch effort to create issue of fact regarding the existence of a contract between the parties, Plaintiff claims that: (1) his affidavit states that he entered an oral contract with FedEx Ground; (2) Ricks acknowledged that Thompson breached the agreement; (3) Ricks stated "FedEx Ground would honor its agreement"; (4) Ricks stated Thompson had no authority to act as he did; and (5) Ricks promised Plaintiff three years of service.  Once again, Plaintiff's arguments do not defeat summary judgment because the evidence does not support them, his alleged facts are immaterial, or both.

First, conclusory allegations regarding the existence of a contract cannot defeat a motion for summary judgment.  *See* Section II.C.1.a. of this reply.

Second, Plaintiff provides no evidence to support his claim that "Ricks acknowledged that Thompson breached the agreement."  Plaintiff cites his affidavit, but his affidavit is silent on this point.[63]  Regardless, this argument is immaterial to the existence of a contract between Plaintiff and FedEx Ground because it simply acknowledges, if true, an agreement between Thompson and Plaintiff.

Third, similarly immaterial is Plaintiff's argument that Ricks "made assurances" that FedEx Ground would "honor its agreement."  According to the Plaintiff's own testimony, Ricks's statements to Plaintiff at the time of his termination related to Ricks's future goal to convert the shuttle run or a separate Fairbanks run into a work area that Plaintiff could operate on his own.  Plaintiff Dep. at 160:16-161:13.[64]  Ricks's statements on this subject constitute nothing more than an unenforceable agreement to agree.

"A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent."  Restatement (Second)

---

[62] Opposition, Section IV.D. at 25.
[63] *See* Opposition Ex. A ¶¶ 18-22 at 5.
[64] *See* Second Declaration of Katheryn Bradley (authenticating additional deposition testimony) and Exhibit F thereto.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 20 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Contracts §26 (1981) (adopted by *Copper River Sch. Dist. v. Traw*, 9 P.3d 280, 283 (Alaska 2000)). This rule recognizes that an actor intending to "make a bargain in the future" is only bound when he or she makes "some further manifestation of assent." *Id.* at cmt. a. This is true even if a person who receives a proposal "understands it to be an offer," because there is "no offer" when that person "has reason to know that no offer is intended." *Id.* "Reason to know" does not depend on a party's subjective understanding but on the words or conduct of the parties, as well as other circumstances that include "previous communications of the parties and the usages of their community or line of business." *Id.*

A party may indicate further manifestation of assent is needed by indicating that "legal obligations arising between the parties should be deferred until [a] writing [is] made." *Thrift Shop*, 398 P.2d 657, 659 (Alaska 1965) (citing Restatement Contracts §26 (1932)). When that happens, the preliminary negotiations and agreements do not constitute a contract but an unenforceable agreement to agree. *Id.* at 658-59 (concluding that the parties engaged in nothing more than "preliminary negotiations" when they reached "an understanding" that the plaintiffs would lease some business property in downtown Anchorage from the defendant, particularly because the parties contemplated a written agreement); *see also Western Airlines v. Lathrop Co.*, 499 P.2d 1013, 1019-20 (Alaska 1972) (concluding that a signed letter memorializing the parties' understanding was nothing more than an unenforceable "agreement to agree" because the agreement lacked definiteness as to "a matter of crucial importance to the contract, namely, its subject matter").

Viewing the facts in the light most favorable to Plaintiff, FedEx Ground and Plaintiff had nothing more than an unenforceable "agreement to agree." Ricks allegedly promised Plaintiff that he would convert either the shuttle or Fairbanks run into a work area that Plaintiff could operate on his own under a contract with FedEx Ground to be awarded at some point in the future. Plaintiff had "reason to know" that no offer was intended by Rick's promise alone. Plaintiff admitted knowing that Ricks would need approval from FedEx Ground's corporate office to convert the run before such a contract could be awarded. Plaintiff admitted that the conversion never occurred. Plaintiff also knew that Ricks envisioned a written contract, consistent with FedEx Ground's business practices. Plaintiff Dep. at 52:22-25 (explaining why Ricks could not offer him a written contract).

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

As in *Thrift Shop*, Plaintiff and FedEx Ground clearly contemplated that no legal obligation would arise between the parties until a writing was made. Moreover, as in *Western Airlines*, any purported agreement lacked definiteness as to a matter of crucial importance to the contract, namely, its subject matter. In particular, Ricks allegedly promised *either* the shuttle *or* Fairbanks run as Plaintiff's future work area. Without a written contract or definiteness as to the work area that Plaintiff would operate, and without an agreement on such essential terms like when the contract would commence and how Plaintiff would be compensated, Ricks's discussions with Plaintiff constituted nothing more than preliminary negotiations or an unenforceable agreement to agree.

Fourth, there is no evidence to support Plaintiff's claim that Ricks stated "Thompson had no authority to act as he did." Again, Plaintiff cites his affidavit, but his affidavit is silent on this point.[65] Regardless, Plaintiff does not explain why this argument is material to the existence of a contract between Plaintiff and FedEx Ground. Moreover, as explained in Section II.C.1.b. of this reply, Plaintiff earlier conceded by his silence that Thompson was not FedEx Ground's agent.

Fifth, as also explained in Section II.C.1.a. of this reply, Plaintiff's claim that "Ricks promised three years of service" contradicts Plaintiff's deposition testimony without any plausible explanation. Accordingly, he cannot rely on this evidence to defeat summary judgment.

In sum, whether or not Ricks made the assurances Plaintiff claims is not a material issue of fact because Plaintiff does not support his claims with evidence and the purported issues are immaterial to the question of contract formation. Plaintiff therefore fails to meet his burden on summary judgment.

### 2.    FedEx Ground did not act unfairly or deceptively.

Plaintiff recognizes that to survive summary judgment, he must point to facts showing that FedEx Ground acted unfairly or deceptively.[66] Plaintiff attempts to carry his burden by alleging that Plaintiff would not have purchased his truck except for the assurances he received from FedEx Ground. *Id.* Once again, Plaintiff cannot defeat summary judgment with this evidence because it is immaterial and flatly contradicts his deposition testimony. *See Foster*, 772 F.2d at 1462.

---

[65] *See* Opposition Ex. A ¶¶ 18-22 at 5.
[66] Opposition, Section IV.D. at 26.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 22 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1
2
3
4
5
6
7
8

Plaintiff claims that he purchased the truck based on Ricks's assurances that Ricks was the ultimate person in control of the shuttle run.[67]  Plaintiff fails to show how Ricks's statement was deceptive or unfair.  The fact, if true, that Ricks was the ultimate person in control of the shuttle run is meaningless without further assurances that Ricks would exert that control in Plaintiff's favor.  The only other "assurance" Plaintiff points to is Ricks's alleged promise that Plaintiff would have a job for three years.  Plaintiff conceded during his deposition that Ricks did not promise him a job for three years.  *See* Section II.C.1.a., above.  For these reasons, Plaintiff has failed to adduce any competent evidence demonstrating the existence of unfair or deceptive statements attributable to FedEx Ground.  Plaintiff's claim under the Unfair Trade Practices Act should be dismissed.

9
10
11

**F.    PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES UNDER HIS IMPLIED COVENANT OR QUANTUM MERUIT/QUASI CONTRACT THEORIES AS A MATTER OF LAW.**

12
13
14

FedEx Ground's Motion explains why, as a matter of law, Plaintiff cannot recover punitive damages under any of his theories.[68]  Plaintiff failed to respond and thereby concedes FedEx Ground's position.  Summary judgment should therefore be entered dismissing Plaintiff's request for punitive damages under these theories.

15

### III.    CONCLUSION

16
17
18
19
20

Viewing the undisputed facts in the light most favorable to Plaintiff, Plaintiff's overtime, quantum meruit/quasi-contract, implied covenant of good faith and fair dealing, and Unfair Trade Practices Act claims fail as a matter of law.  Plaintiff's purported issues of fact are nothing more than immaterial issues based on incompetent and inadmissible evidence.  Accordingly, Plaintiff fails to meet his burden on summary judgment.  FedEx Ground respectfully requests that this Court grant summary judgment, dismissing all of Plaintiff's claims.

21
22
23
24
25
26
27
28

---

[67] *See* Opposition Ex. A. ¶5 at 2.
[68] *See* Motion, Section III.G. at 33.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 23 of 25
Case No. A05-0192CV (TMB)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1    DATED this 8th day of November, 2006.

2                                        JACKSON LEWIS LLP

3

4                                        By:   /s/ Katheryn Bradley
                                               Katheryn Bradley
5                                              Alaska Bar No. 8611098
                                               One Union Square
6                                              600 University Street, Suite 2900
                                               Seattle, WA 98101
7                                              Phone:  (206) 405-0404
                                               Fax:  (206) 405-4450
8                                              E-Mail:  bradleyk@jacksonlewis.com
                                               Attorney for Defendant FedEx Ground
9                                              Package Systems, Inc.

10                                       FELDMAN ORLANSKY & SANDERS

11

12                                       By:   /s/ Jeffrey M. Feldman (consent)
                                               Jeffrey M. Feldman
13                                             Alaska Bar No. 7605029
                                               500 L Street, Suite 400
14                                             Anchorage, Alaska 99501
                                               Phone: (907) 272-3538
15                                             Fax: (907) 274-0819
                                               Email: feldman@frozenlaw.com
16                                             Attorney for Defendant FedEx Ground
                                               Package System, Inc.
17

18

19

20

21

22

23

24

25

26

27

28   REPLY IN SUPPORT OF DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT- 24 of 25
     Case No. A05-0192CV (TMB)

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on November 8, 2006     , I electronically filed the foregoing with

3   the Clerk of the Court using the CM/ECF system which will send notification to the following:

4                                Isaac D. Zorea
                                 P.O. Box 210434
5                            Anchorage, AK  99521
                                 Moshe C. Zorea
6                                P.O. Box 212043
                             Anchorage, AK 99521
7
    and I hereby certify that I have mailed by United States Postal Service the document to the
8
    following non CM/ECF participants:
9
10      None.

        Dated this 8th  day of November     , 2006, at Seattle, Washington.
11

12

13                                              Heather M. Feenan

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   REPLY IN SUPPORT OF DEFENDANT'S                    **Jackson Lewis LLP**
     MOTION FOR SUMMARY JUDGMENT- 25 of 25                   One Union Square
     Case No. A05-0192CV (TMB)                       600 University Street, Suite 2900
                                                         Seattle, Washington 98101
                                                              (206) 405-0404