Exhibit A

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
JAN - 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

SCANNED

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARYAN YESSAYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., NEJDIK TOROSSIAN, and DECHSONE, INC.,<br><br>Defendants. | Case No. CV 05-8872 ER (VBKx)<br><br>ORDER GRANTING DEFENDANT FEDEX'S MOTION FOR SUMMARY JUDGMENT |

This matter came before the Court on December 18, 2006, on Defendant FedEx Ground Package System, Inc.'s ("FedEx") motion for summary judgment and Plaintiff Aryan Yessayan's motion for class certification. The Court has read and considered the papers filed in connection with these motions, as well as the oral arguments, and it has reached the following conclusions:

Summary judgment is appropriate where the moving party establishes that the opposing party lacks sufficient evidence to carry its ultimate burden of persuasion at trial. Fed R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477

U.S. 317, 325 (1986). Once the moving party has alleged that no genuine issue of material fact exists, the opposing party cannot rest on its pleadings. It must show the existence of a genuine issue by presenting real, probative evidence, "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence suggesting that an issue of fact might exist is not enough to withstand summary judgment. Id. at 252. Similarly, there is no genuine issue where the only "evidence" is uncorroborated, self-serving testimony. E.g., Villarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

     California has yet to adopt a test to determine whether a party is a "dual employee" of two employers. However, it seems likely that the California courts will adopt one of two alternatives. The first, adopted by the Third Circuit in National Labor Relations Board v. Browning-Ferris, 691 F.2d 1117, 1123 (3d Cir. 1982), is almost identical to the common law employment test. It asks simply whether "one employer, while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." Id. The second test was adopted by the California Supreme Court to determine whether a party was an employee or an independent contractor. S.G. Borello Sons, Inc. v. Dep't of Industrial Relations, 256 Cal. Rptr. 543, 551 (1989). It begins with the same inquiry, focusing on "the employer's right to control the means and manner of the worker's performance," but it also considers a number of secondary indicia, including who furnishes the equipment, the method of payment, and whether the parties believe they are creating an employer-employee relationship. Id. It is unlikely California courts will adopt this multi-factor test in the dual employment context, however, given that it does not address whether a party has an employment relationship with two different employers. For example,

while a party might not furnish his own equipment, it would be improper to consider that as evidence that he was employed by another party when the other party did not furnish the equipment either. Regardless of the test applied, however, Plaintiff has not presented evidence sufficient to create a genuine issue of fact that he is an employee of FedEx because there is no evidence suggesting FedEx retained the right to control the terms of his employment.

In Lopez v. Johnson, 333 F.3d 959, 963 (9th Cir. 2003), on facts very similar to those in this case, the Ninth Circuit applied both the Browning-Ferris and the multi-factor test, and it held that the plaintiff had no employment relationship with the alleged employer under either test. Although the plaintiff worked for a subcontractor on the defendant's property, the Ninth Circuit held that the defendant "did not retain any control over the terms and conditions of [the plaintiff's] work." Id. at 963-64. Instead, it was the subcontractor for whom the plaintiff worked that set his hours, supervised his work, and paid the plaintiff. The key inquiry was whether the defendant retained the right to control the plaintiff's work, and the Ninth Circuit found that the defendant had not.

Here, Plaintiff has failed to present sufficient evidence that would support his claim that FedEx retained sufficient control over the terms and conditions of his work so as to subject it to liability, which is the primary inquiry under the multi-factor test and the sole inquiry under the Browning-Ferris test. Instead, the majority of his evidence demonstrates only that Defendant Dechsone, Inc. ("Dechsone") was his employer.

The evidence shows that Dechsone hired its own employees, and according to the deposition testimony of Nejdik Torossian, the president of Dechsone, FedEx did not refer employees. Torossian Dep. 95:6-13. Plaintiff's self-serving testimony contradicting this is insufficient to overcome his burden on summary judgment. Similarly, the evidence presented shows that Dechsone told Plaintiff

- 3 -

1  when to work, Yessayan Dep. 151:6-8; determined how much to pay him,
2  Torossian Dep. 86:12-91:7 (and would adjust the amount depending on the
3  driver's performance); and ultimately terminated him. Yessayan Dep. 157:17-23.
4  In addition, Dechsone owned the truck Plaintiff drove, Torossian Dep. 112:10-17,
5  and it paid Plaintiff and sent him his tax forms. Yessayan Dep. 148:13, 150:16.

6        The only evidence concerning FedEx is FedEx's role in safety training and
7  other minute details that do not rise to the level of control. As to the safety testing
8  and training, the law specifically provides that "efforts to ensure the worker's
9  compliance with government regulations, even when those efforts restrict the
10 manner and means of performance, do not weigh in favor of employee status."
11 North American Van Lines, Inc. v. N.L.R.B., 869 F.2d 596, 599 (D.C. Cir. 1989);
12 see also Southwest Research Inst. v. Unemployment Ins. Appeals Bd., 96 Cal.
13 Rptr. 2d 769, 771 (Ct. App. 2000). Plaintiff also presented evidence that he was
14 required to wear a FedEx uniform and drive a truck with the FedEx logo.
15 However, these details do not support the required finding that FedEx "retained
16 for itself sufficient control of the terms and conditions of [Plaintiff's]
17 employment." Lopez, 333 F.3d at 963; see Redd v. Summers, 232 F.3d 933, 938-
18 40 (D.C. Cir. 2000) (holding that the plaintiff did not work for the Department of
19 the Treasury, even though she worked on Treasury premises; used Treasury office
20 supplies, two-way radios, and uniforms; and a Treasury supervisor briefly trained
21 the plaintiff); see also 49 C.F.R. § 390.21 (Federal Motor Carrier Safety regulation
22 requiring vehicles to be marked with identification information).

23       Therefore, the Court GRANTS FedEx's motion for summary judgment.
24 This obviously renders Plaintiff's motion for class certification moot. Wright v.
25 Schock, 742 F.2d 541, 543 (9th Cir. 1984). The putative class would be suing
26 FedEx as its employer, but Plaintiff has not provided evidence sufficient to
27 support a claim that FedEx was his (or any other Second Van Driver's) employer.
28

1 | The Court notes that this holding does not affect Plaintiff's right to seek relief
2 | against the other two defendants, Dechsone and Nejdik Torossian.
3 |
4 | IT IS SO ORDERED.
5 | IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United
6 | States mail or by telefax or by email, copies of this Order on counsel in this matter.
7 |
8 | Dated:   JAN - 3 2007

*[Signature]*

EDWARD RAFEEDIE
Senior United States District Judge